1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Gregory S. McElroy, WSBA No. 15494
McElroy Law Firm, PLLC
1808 N. 42nd Street
Seattle, WA 98103
(206) 654-4160
(206) 654-4161 Facsimile
gmcelroy@mcelroylaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

VICTOR C. JANSEN, an individual;
and RECisEXCEPTIONAL, a
Washington unincorporated association;

      Plaintiffs,

   vs.

REC SILICON INC, a Delaware
corporation; REC SOLAR GRADE
SILICON, LLC, a Delaware limited
liability company; and REC
ADVANCED SILICON MATERIALS
LLC, a Delaware limited liability
company, and the WASHINGTON
STATE DEPARTMENT OF
ECOLOGY, an agency of the State of
Washington;

      Defendants.

No.  CV-10-068-EFS

COMPLAINT FOR PENALTIES AND
DECLARATORY AND INJUNCTIVE
RELIEF

**McElroy Law Firm, PLLC**
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

**INTRODUCTION**

1.    This lawsuit seeks to halt the construction, start-up, and operation of two industrial facilities (known as Silicon III and Silicon IV) in Moses Lake, Washington.  These plants are owned and operated by the REC Silicon defendants that are American subsidiaries of the Norwegian company known as Renewable Energy Corporation ASA (REC).  REC's business is carried out in three divisions.  One of those divisions, REC Silicon, is among the world's largest producers of polysilicon and silane gas.

2.    The manufacturing process at the Moses Lake facility involves large inventories of explosive, flammable, and deadly chemicals. The reactor vessels, miles of pipe races and tubing, and sprawling processing areas involve dozens of regulated and unregulated emission points for criteria pollutants, hazardous, and toxic releases.  When a silane gas cloud is released from the facility at concentrations greater than 4% the silane gas combusts spontaneously and creates a drifting, flaming or oxidizing cloud that spreads a plume of contamination over a large area.  When workers without protective clothing are exposed to a cloud of silane gas in industrial accidents, their lungs crystallize, resulting in permanent injury and death.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–2

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206)654-4160
FACSIMILE (206)654-4161
www.mcelroylaw.com

3.    The manufacturing processes at the Moses Lake facility involve more than volatile and explosive chemicals.  These substances are handled under extraordinarily dangerous conditions.  These processes involve high pressure, extreme temperatures, and routine and unplanned releases of hazardous and toxic pollutants, notably hydrogen chloride (HCl) and silane gas.  The facility has a potential to emit more than 100 tons of particulate matter annually, including large amounts of invisible particulate identified as $PM_{10}$ and $PM_{2.5}$.  The $PM_{10}$ and $PM_{2.5}$ emissions from REC Silicon are so small that they are respired deeply and permanently into the lungs because these pollutants cannot be filtered by the human body or expelled.

4.    REC Silicon and the Washington Department of Ecology have been unable to determine whether the silane gas released from the facility at regulated emission points, at unregulated bleed valves, and as fugitive emissions, are properly evaluated as an emission of toxic silane or an emission of particulate matter, or both.

5.    The effects of routine air pollution from the Silicon III and Silicon IV facilities--and the potential for catastrophic releases--leave no margin for guesswork or error.  As described in this complaint, the facility has been the source of repeated and on-going violations of the federal Clean

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–3

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

Air Act and its Washington counterpart.  The result has been unpermitted construction and expansion, unquantified and unregulated emissions, explosions, multiple fires, worker injuries, and a long list of repeated and ongoing regulatory violations including the failure of REC Silicon to adhere to emission limits and permit conditions.

6.    The construction of Silane III and Silane IV, which occurred without the proper design review and permits, and without reliable data in REC Silicon's permit applications, allowed the establishment of new and modified pollution sources without the required assurance that the facility properly qualified as an artificially limited or "synthetic" minor source. REC Silicon's operational history demonstrates that emissions called "accidental" or "emergency" releases are actually recurring and routine releases.  If so, then REC Silicon is required to obtain--and should have obtained--a full operating permit under the Title V program under the Clean Air Act.

7.    These facts are documented by the regulatory staff who attempted to evaluate REC Silicon's inaccurate submissions.    These questions remained unanswered through the date of the current permit, Notice of Construction Approval Order No. 10AQ-E330.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–4

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

8.    As set forth in this complaint, REC Silicon's repeated and continuing violation of permit standards and the pre-construction design review requirements under the Clean Air Act, and the encouragement and accommodation of REC Silicon's illegal construction and operation by the Washington State Department of Ecology, has resulted in an illegal, incomplete, and unenforceable permit and threatens the health, safety, and environmental interests of the plaintiffs and the Moses Lake community.

## JURISDICTION AND VENUE

9.    The federal Clean Air Act (CAA) authorizes the filing of citizen enforcement suits in federal court under 42 U.S.C. § 7604, thereby invoking the federal question jurisdiction of the federal district courts.  28 U.S.C. § 1331.

10.    The Plaintiffs allege that REC Silicon and the Washington State Department of Ecology have repeatedly violated and are presently violating permitting requirements, emission standards and limitations, and existing orders and requirements under the Clean Air Act and the regulations federally approved in the delegated Washington State Implementation Plan (Washington SIP).  42 U.S.C. § 7604(f).

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–5

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

11.     Venue is proper in the federal district court in which the alleged violating source is located.  42 U.S.C. § 7604(c)(1).

12.     The REC Silicon facilities, including Silicon III and Silicon IV, are located within the city limits of Moses Lake, Washington and, therefore venue is proper in the United States District Court for the Eastern District of Washington.

## PARTIES & STANDING

13.     The Plaintiff Victor C. Jansen is a resident of Grant County, Washington and an owner of a 61-acre tract of real estate immediately adjacent to and south of the REC Silicon property that is the subject of this litigation.

14.     Victor C. Jansen's use and enjoyment of his real property is directly impacted by air emissions and contaminants from REC Silicon's existing and proposed operations.

15.     Victor C. Jansen's interests in clean air, and freedom from exposure to excessive pollution, are within the zone of interests that the federal Clean Air Act (42 U.S.C. § 7401 *et seq.*) was adopted to protect.

16.     Victor C. Jansen, as the immediately adjacent property owner, has suffered injury in fact because the illegal construction, failure to obtain

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–6

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

required permits, and illegal operation of REC Silicon's facilities directly invade his property and make his property unmarketable.

17.    Plaintiff    RECisEXCEPTIONAL    is    a    Washington unincorporated association whose members live or work in the greater Moses Lake area.  These members' health, enjoyment, and livelihood depend on clean air, protection from hazardous and toxic releases, and the ability to participate in a substantial and meaningful way in environmental decisions that affect their lives and the health and prosperity of their community.

18.    RECisEXCEPTIONAL sponsors an internet-based community forum,    http://www.RECisEXCEPTIONAL.com.    The    purpose    of RECisEXCEPTIONAL is to facilitate and encourage broader public communication with government regulators and greater accountability by the local, state, and federal agencies that are responsible for land-use permitting, environmental protection, and worker and community safety associated with REC Silicon's industrial facilities in Moses Lake.

19.    Prior to commencing suit, Victor C. Jansen and RECisEXCEPTIONAL gave sixty days' prior notice of their intent to sue. That notice was provided to the United States Environmental Protection

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–7

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206)654-4160
FACSIMILE (206)654-4161
www.mcelroylaw.com

Agency (EPA), the State of Washington, and the violators.  A copy of the notice, and the distribution list, is attached as Exhibit A.

20.    The allegations in Exhibit A are incorporated by this reference.

21.    Defendants REC Silicon Inc; REC Solar Grade Silicon, LLC; and REC Advanced Silicon Materials LLC (collectively referred to as REC Silicon) constructed, modified, and operated the industrial facilities known as Silicon III and Silicon IV, which are sources of air pollution and contaminants that are subject to regulation under the federal Clean Air Act and the Washington Clean Air Act.

22.    Defendant Washington State Department of Ecology is a regulatory agency of the State of Washington that is charged with implementing and enforcing the regulatory responsibilities delegated to the State of Washington by the US Environmental Protection Agency (EPA) under the federal Clean Air Act.

**FACTUAL ALLEGATIONS**

23.    On or about August 16, 2006, REC Silicon commenced constructing major modifications to its existing facilities and the construction of a new $600 million facility that was intended to add 6,500

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206)654-4160
FACSIMILE (206)654-4161
www.mcelroylaw.com

metric tons of capacity using a proprietary process that produces a granular solar grade polysilicon in fluid bed reactors.

24.     REC Silicon started and substantially completed construction of Silicon III, without applying for a permit under Title V of the Clean Air Act, known as an Air Operating Permit.  42 U.S.C § 7661

25.     REC Silicon started and substantially completed construction of Silicon III, prior to obtaining a Notice of Construction Order in violation of the federally approved rule for New Source Review.  WAC 173-400-100.

26.     A Notice of Construction Order can only be issued by the Department of Ecology after completion of a mandatory design review and approval process.

27.     Permanent construction is strictly and explicitly prohibited at any time prior to the issuance of a lawful approval order and the completion of any appeals or judicial review.

28.     The permitting process involves a number of procedural, technical and substantive steps that can only occur at the design stage prior to construction.  These steps involve (a)  identifying and quantifying the types and amounts of contaminants that the facility has the potential to emit; (b) determining whether the facility requires a full Title V Air Operating

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–9

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

Permit; (c) determining whether voluntary limits on production, operations, or design will allow a major source to side-step the requirements of a full Title V permit and be classified as a "synthetic" or "artificial" minor source; (d) analyzing alternatives to achieve the maximum pollution reduction and selecting the Best Available Control Technology (BACT) for each individual source of pollutants, including toxic emissions; (e) analyzing impact areas and evaluating health impacts on the affected population; (f) determining which pollution control technologies to employ; (g) calculating and establishing emission standards and limitations; (h) preparing monitoring schedules and testing protocols to assure that the facility impacts can be measured, reported, and enforced; and (i) assuring that the proposed permit meets the public interest by subjecting it to meaningful public review, comment, and modification after all of the required information is assembled and analyzed.

29.    For both Silicon III and Silicon IV, REC Silicon completed its designs internally and commenced construction illegally prior to obtaining a Notice of Construction Order.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–10

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

30.    REC Silicon's failure to comply with New Source Review for Plant IV was a repeat violation, a continuing violation, and a violation that can occur in the future.

31.    The State of Washington, including the Office of the Governor, offered money, subsidies, and other promises and incentives to REC Silicon if REC Silicon would agree to build the Silicon III and Silicon IV plants in Washington State.  One of the inducements demanded by REC Silicon was expedited permitting on the schedule demanded by REC Silicon.

32.    The Department of Ecology was fully aware of REC Silicon's illegal construction of the Silicon III industrial facility, but took no action to challenge or stop construction.

33.    The Department of Ecology allowed construction to continue on Silicon III in violation of the requirements for new source review under the Clean Air Act.

34.    When REC Silicon designed and built Silicon III and modified its existing polysilicon plant, it did so knowingly and deliberately without a valid Notice of Construction order or an Air Operating Permit.

35.    REC Silicon actively sought permission from the Washington State Department of Ecology to continue violating New Source Review for

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–11

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

Silicon III and to obtain prospective approval to violate New Source Review for Silicon IV in the future.

36.    In February 2008 senior representatives of REC Silicon met with the Director of the Department of Ecology to obtain permission and reassurance that the Department of Ecology would exempt REC Silicon from the pre-construction design review provisions of New Source Review.

37.    In violation of state and federal law, the Department of Ecology Director granted REC Silicon's request and assured REC Silicon that the Department of Ecology would not take enforcement action against REC Silicon even if it proceeded illegally and in violation of New Source review.

38.    Under the delegation of authority from EPA to the Department of Ecology, the Ecology Director has no power to authorize illegal construction or to issue variances.

39.    On February 5, 2008, Department of Ecology Director Jay Manning informed senior staff in the Governor's office and the management team in the air quality program that he had assured REC Silicon that the Department of Ecology would not take enforcement action if REC Silicon chose to proceed without the required permits or Notice of Construction Approval order.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–12

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206)654-4160
FACSIMILE (206)654-4161
www.mcelroylaw.com

40.    In 2008 REC Silicon commenced a $688 million construction project for the Silicon IV plant prior to obtaining the mandatory review and approval.    That construction involved modifications to existing REC facilities, including Silicon III.

41.    In both cases, and as repeat and continuing violation of New Source Review, REC commenced construction of a major new air pollution source and emission units without comprehensive environmental review, without filing a complete permit application with the Department of Ecology, without performing the required analyses, without obtaining the required public review, and without obtaining a pre-construction Notice of Construction Approval Order or a Title V permit.

42.    REC Silicon eventually filed an application for construction of Silicon IV in August 2008, but the application was materially incomplete.

43.    At no time in the following nineteen months, as REC Silicon's illegal construction continued, was the Department of Ecology able to certify or declare that REC Silicon's application for modification of Plant III and construction of Plant IV was "complete."

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–13

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206)654-4160
FACSIMILE (206)654-4161
www.mcelroylaw.com

44.    A declaration of "completeness" confirms that the required information is available necessary.   This is a regulatory step in order for permitting to proceed.

45.    REC Silicon's application materials and submittals could not be certified as complete because they are inaccurate, contain false assumptions, and make material omissions.   REC Silicon refused or failed to provide the information necessary to perform New Source Review.

46.    On March 6, 2009, in violation of the permitting requirements under state and federal law, the Department of Ecology acted on REC Silicon's belated and incomplete application by issuing a regulatory document called a "Preliminary Determination," and initiating public review.

47.    A preliminary determination serves as a draft permit under the Clean Air Act.

48.    In the Technical Support Document (TSD) supporting the "Preliminary Determination," the permit writer identified essential information and analyses that had been requested by the Department of Ecology, but not provided by REC Silicon.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–14

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

49.     Under the federally mandated and approved regulation (WAC 173-400-171), the public review of REC Silicon's draft permit could not be lawfully completed because all of the information lawfully required by the Department of Ecology had not been submitted and the necessary applicant information was not available for public review.

50.     The required information has never been submitted by REC Silicon or made available for public review by the Department of Ecology.

51.     On information and belief, REC Silicon failed to submit the required information because the information had not been developed as required, and the known information and analyses would have been unfavorable to the permit limits REC Silicon sought to achieve and would have triggered the requirement for REC Silicon to obtain a permit under the Title V program.

52.     In the absence of the required information, the Department of Ecology could not perform the necessary analyses to issue a proper permit, including the required determination of potential to emit and the analysis of alternatives necessary to determine the Best Available Control Technology (BACT) for the  new and modified sources at the facility.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–15

McElroy Law Firm, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

53.   In the absence of required information the Department of Ecology permit writer decided to utilize a procedure called "presumptive BACT" to set an arbitrary BACT level.

54.   The "presumptive BACT" procedure is not authorized under federal law or the federally approved Washington SIP.

55.   The setting of a "presumptive BACT" limit fails to follow the required analytical methods.

56.   The setting of a "presumptive BACT" sets emission limits without the requisite certainty that the limits and protections will ever be achieved in the operation of the facility.

57.   Legally, a "presumptive BACT" limit may not be enforceable because "presumptive BACT" limits can only be adopted and employed after notice and comment rule-making, which did not occur in this case.

58.   The Washington State Department of Ecology acted arbitrarily and outside the authority of its federal delegation of New Source Review by imposing presumptive BACT as opposed to performing the required BACT and tBACT analyses.

59.   The Department of Ecology held a limited public hearing on REC Silicon's incomplete application and draft permit on April 16, 2009.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–16

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

That hearing was premature and did not satisfy the public participation requirements of the delegation  for New Source Review to the Department of Ecology under the federally approved regulation at WAC 173-400-171.

60.    The public hearing itself failed to qualify as meaningful public participation because REC Silicon engaged in several actions to discourage, frustrate, and limit public review.

61.    REC Silicon's management conducted press interviews and provided an official pre-hearing presentation that materially misrepresented the status of the illegal new construction on-site and falsely stated that the necessary environmental controls and monitoring procedures were in place at REC Silicon's existing facilities, including Silicon III.

62.    REC Silicon management attempted to silence critics of the expansion, including Victor C. Jansen, by financial pressure.

63.    REC Silicon sheltered critical documents from public review by the wholesale marking of application submittals as "confidential" and taking other steps to shield necessary information from public review by overly broad claims that documents were "proprietary" and, therefore, not available for public review.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–17

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

64.    REC Silicon filed a SLAPP suit against plant opponents, including Victor C. Jansen, because of their role in criticizing the design and construction of the facility without permits.

65.    The term "SLAPP" stands for "strategic lawsuit against public participation." SLAPP suits violate Washington law because they have a chilling effect on public participation and communication with regulatory agencies.  RCW 4.24.510

66.    REC Silicon and the Washington Department of Ecology have never satisfied the   public participation requirements for approving the construction or operation of Silicon IV.

67.    Without the permitted equipment, pollution controls and monitoring capability, REC Silicon attempted to hot start the Silicon III plant in March 2009.

68.    After approximately 10 days of operation the plant failed and had to be shut down.

69.    For several months the Silicon III start-up was sporadic and unsuccessful, causing worker injury, fires, instability, chemical releases, and numerous regulatory violations.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–18

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

70.    On information and belief, regulatory violations that are known to REC Silicon have not been reported to the Department of Ecology.

71.    On information and belief, during the start-up period, REC Silicon was operating modifications and emission points at Silicon III that had not been disclosed, permitted, or otherwise approved for use.

72.    In June 2009 the Department of Ecology inspected Silicon III and found that the facility had not been constructed according to the approved plans, unauthorized equipment was installed, and pollution controls, testing plans, and monitoring equipment were not in place and had not been prepared on the schedule required in the permit.

73.    These findings were later confirmed and expanded by a formal audit conducted by the engineering firm CH$_2$M Hill.

74.    The CH$_2$M Hill audit report concluded that installed equipment did not match permitted equipment.

75.    The CH$_2$M Hill audit report concluded that emission points at the facility were not authorized in the current permit or the new permit that had been made available for public review.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–19

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

76.    The CH$_2$M Hill audit report concluded that equipment specifications did not correspond to the requirements of the current permit or the new permit that had been made available for public review.

77.    The CH$_2$M Hill audit report concluded that the emission sources shown on the plot plans did not match the locations that had been used for modeling emission impacts in the current permit and in the new permit that had been made available for public review.

78.    The findings made by CH$_2$M are attached to Exhibit A and are incorporated herein as allegations of known violations under the federal Clean Air Act, violations of REC Silicon's permit, examples of violations that are repeated by REC Silicon, and on-going violations.

79.    The Department of Ecology took no enforcement action against REC Silicon arising from the violations identified in the CH$_2$M audit.

80.    In June through November 2009, the Department of Ecology documented a series of additional violations by REC Silicon, but the Department of Ecology did not impose monetary penalties as a deterrent, obtain assurances of discontinuation, or institute any enforcement actions in state or federal court.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–20

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

81.     On September 8, 2009 REC Silicon disclosed for the first time that silane gas is routinely released in unmeasured quantities through a hydrogen recycle vent, identified as A14, without emission controls or the ability to collect monitoring information.

82.     This uncontrolled release is not permitted and is not exempt from permitting.

83.     On September 8, 2009 REC Silicon disclosed that the only control available for a Maintenance Scrubber, identified as B19, was the unapproved intermittent use of the Process Scrubber (B18).

84.     This release is not permitted through the Process Scrubber. REC Silicon's alleged  emission control technique is not authorized by permit or law.

85.     In early October 2009, the Department of Ecology learned that two major pollution control devices at REC Silicon were failing to meet permit limits, presumably on an on-going basis each time those emission sources operate.

86.     The required 3-stage scrubber failed to meet particulate matter concentration and emission rate limits established in the existing REC Silicon permit.   The scrubber was  so poorly operated and controlled,

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–21

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

according to the investigator, that the source exceeded the particulate emission rate for uncontrolled general process units or open vents.

87.    A required scrubber, identified by Department of Ecology inspectors, was allowing emissions of toxic hydrogen chloride (HCl) to exceed REC Silicon's authorized permit limit.

88.    In regard to both emission sources, REC Silicon has not been able to demonstrate that equipment ever met the limits imposed by permit in the past or that the equipment can achieve in practice the required limits on a continuous basis.

89.    On October 27, 2009 REC Silicon acknowledged that required filter failure and other monitoring devices for emission sources that were required under the permit had not been installed at the required times and that additional, unauthorized delays would be required to achieve compliance at some projected time in the future.  This included, for example, a lengthy and unauthorized delay for installation of a required flow meter on the hydrogen vent, identified as A-14.

90.    From time to time the Department of Ecology provided REC Silicon with written notice of some of the known, repeat, and continuing violations.   Through the date of suit, however, the Department of Ecology

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–22

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

has failed to impose any monetary penalties or take any enforcement action in state or federal court. REC Silicon has provided no assurance of discontinuance for any of the on-going or repeat violations.

91.    The Department of Ecology has repeatedly granted REC Silicon informal compliance schedules without following the required procedures under WAC 173-400-161, which is a federally approved regulation and requires public review and comment under WAC 173-400-171. Informal compliance schedules do not legalize the offending conduct.

92.    As of December 22, 2009 the Department of Ecology had not received any of the required justification or quantification for routine, unpermitted emissions in Silicon III and proposed for Silicon IV for "bleed points." These routine emissions were omitted from REC Silicon's applications and disclosures and, therefore, could not be quantified or evaluated by the Department of Ecology or the public.

93.    As late as December 30, 2009 REC Silicon had not provided the information required by the Department of Ecology necessary to issue a revised Preliminary Determination for public review or a Notice of Construction Order.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–23

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

94.    On December 30, 2009 REC Silicon confirmed that neither the Process Scrubber nor the Metal Chloride Scrubber could attain the limits for particulate ($PM_{10}$) and hydrochloric acid (HCl) in the proposed permit.

95.    In January 2010, the Department of Ecology abandoned its announced plans to issue a revised Preliminary Determination to REC Silicon and to submit the revised draft permit to public comment as required by WAC 173-400-171, which is enforceable as a federally approved element of the Washington SIP.

96.    DOE issued Notice of Construction Order of Approval No. 10AQ-E330 on January 7, 2010 without legal foundation or authority, on an incomplete application, and without the required public review and comment.

97.    Notice of Construction Order of Approval No. 10AQ-E330 is not a lawfully promulgated approval order under federal law or the federally authorized Washington SIP.

98.    Notice of Construction Order of Approval No. 10AQ-E330 is not a final order and provides no authority for REC Silicon to continue to construct Silicon IV, to modify Silicon III, or to operate the combined facilities.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–24

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

99.    Each day of construction or operation by REC Silicon without a lawful, final order is a continuing violation.

## CAUSES OF ACTION

Plaintiffs reallege Paragraphs 1 through 99, above.

### Violation of New Source Review

100.    REC Silicon violated the state and federal law under the Clean Air Act for "New Source Review" by commencing construction of Silicon III prior to receiving a Notice of Construction Order.

101.    REC Silicon violated state and federal law under the Clean Air Act for "New Source Review" by commencing  construction of Silicon IV prior to receiving a Notice of Construction Order.

102.    REC Silicon has not received a "final" Notice of Construction Approval Order because Order No. 10AQ-E330 for Plant IV was issued by the Department of Ecology without legal authority and, under state and federal law, no such order is effective until it becomes a "final" order.  An approval order does not become final until 30 days after issuance and, if timely appealed, until all appeals have been decided.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–25

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

103.  REC Silicon's violations of "New Source Review" are repeat violations and continuing violations for which REC Silicon is liable for statutory penalties and costs under state law ($10,000 per day per violation) and federal law ($32,500 per day per violation, plus the adjustments called for by regulation).

### Violation of Permit Standards & Limitations

104.  REC Silicon has engaged in the violations of permit standards and limitations identified in Paragraphs 1 through 103, including any additional and on-going violations established through the date of trial.

105.  REC Silicon has engaged in repeated and continuing violations involving unpermitted emission sources, violation of recordkeeping requirements, failure to install pollution control and monitoring equipment, failure to monitor and conduct tests, and exceeding emission limits.

106.  REC Silicon operated and continues to operate equipment that, according to REC Silicon engineers, cannot attain the emission limits for particulate (PM) and hydrogen chloride (HCl) on each day that equipment operates.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–26

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

107.   Each of REC Silicon's violations of permit standards and limits are separate, repeat, and continuing violations for which REC Silicon is liable for statutory penalties and costs under state law ($10,000 per day per violation) and federal law ($32,500 per day per violation, plus the adjustments called for by regulation).

### Declaratory & Injunctive Relief

108.   The Washington State Department of Ecology has mandatory and non-discretionary duties by virtue of the responsibilities delegated to Ecology by the Environmental Protection Agency and established as a matter of federal law in the approved Washington SIP.

109.   A present controversy exists whether the procedural and substantive defects in Notice of Construction Approval Order No. 10AQ-E330 are so material that the approval order was issued without foundation or lawful authority and, therefore, the order has no legal basis or effect.

110.   A present controversy exists whether the Notice of Construction Approval Order No. 10AQ-E330 is a "final" order that authorizes continuing construction or operation of Silicon III and Silicon IV by REC Silicon.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–27

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

111.   The Court has jurisdiction to decide whether Notice of Construction Approval Order No. 10AQ-E330 is legally valid and operative under federal law.

112.   The Court has jurisdiction to decide whether Notice of Construction Approval Order No. 10AQ-E330 authorizes REC Silicon to continue constructing Silicon IV prior to exhaustion of all appeals and judicial review.

113.   The Court has jurisdiction to enjoin the Department of Ecology from further violation of the federally mandated and approved Washington SIP for New Source Review.

114.   The Court has jurisdiction to order the Department of Ecology to withdraw Notice of Construction Approval Order No. 10AQ-E330 in order to perform the analyses required under the federally approved Washington SIP and to submit the proposed REC Silicon permit to public comment and review as required by the federally approved Washington SIP.

115.   The Court has jurisdiction to enjoin REC Silicon from constructing and operating the Silicon III and Silicon IV plants until after REC Silicon has obtained a final, legal Notice of Construction Order or a Title V Air Operating Permit for the facility.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–28

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

**RELIEF REQUESTED**

PLAINTIFFS request the following relief:

1.      That the Court award statutory penalties, in the maximum amounts plead, jointly and severally against the REC Silicon defendants for each day of each repeat or continuing violation of the New Source Review under the federal Clean Air Act and the Washington Clean Air Act, including each day of construction or operations by REC Silicon without the required permits;

2.      That the Court award statutory penalties, in the maximum amounts plead, jointly and severally against the REC Silicon defendants for each day of each repeat or continuing violation of the permit standards or emission limits by REC Silicon;

3.      That the Court declare that Notice of Construction Approval Order No. 10AQ-E330 is procedurally and substantively defective under federal law, not a legal order, and of no legal force or effect;

4.      That the Court declare that Notice of Construction Approval Order No. 10AQ-E330 does not authorize REC Silicon to continue constructing or operating Silicon IV prior to exhaustion of all appeals and claims for judicial relief;

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–29

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206)654-4160
FACSIMILE (206)654-4161
www.mcelroylaw.com

5.      That the Court enjoin the Department of Ecology from violating the Washington SIP requirements for New Source Review and prohibit Ecology or its Director from granting pollution sources freedom from enforcement for current, future, and on-going violations of the Clean Air Act;

6.      That the Court order the Department of Ecology to withdraw Notice of Construction Approval Order No. 10AQ-E330 in order to perform the required analyses and to submit the proposed REC Silicon Notice of Construction Approval Order as a "Preliminary Determination" for public comment and review;

7.      That the Court enjoin REC Silicon from constructing and operating the Silicon III and Silicon IV plants until after it has obtained a final, legal Notice of Construction Order or a Title V Air Operating Permit;

8.      That the Court award up to $100,000.00 in additional penalties under 42 U.S.C. § 7604(g)(2) to offset the damage REC has done to the community;

9.      That the Court award the Plaintiffs their actual expert fees, attorneys' fees and litigation expenses under 42 U.S.C. § 7604(d); and

10.     For such other relief as the Court deems just and equitable.

COMPLAINT FOR PENALTIES AND DECLARATORY
AND INJUNCTIVE RELIEF–30

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com

RESPECTFULLY submitted March 16, 2010.

McELROY LAW FIRM, PLLC

/s/ Gregory S. McElroy
Gregory S. McElroy, WSBA No. 15494
Attorney for Plaintiffs, Victor C. Jansen and
RECisEXCEPTIONAL.com

McElroy Law Firm, PLLC
1808 N. 42nd Street
Seattle, WA 98103
(206) 654-4160
(206) 654-4161 Facsimile
gmcelroy@mcelroylaw.com

McELROY LAW FIRM, PLLC
1808 NORTH 42ND STREET
SEATTLE, WASHINGTON 98103
TELEPHONE (206) 654-4160
FACSIMILE (206) 654-4161
www.mcelroylaw.com